UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re

PURDUE PHARMA L.P., *et al.*,

                 Debtors.

RONALD BASS,

                 Appellant,

    -against-

PURDUE PHARMA L.P., *et al.*,

                 Appellees.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/23/2026___

No. 25-CV-10282 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

On December 12, 2025, *pro se* Appellant Ronald Bass, Sr. sought leave to file a motion to withdraw the reference from the Bankruptcy Court (the "Motion"). (ECF No. 19.) The Court directed Debtors-Appellee Purdue Pharma L.P. ("Debtors-Appellees") to respond by January 8, 2026. (ECF No. 38.) In the interim, the Court received motion papers from Mr. Bass by mail, which he explained contained sensitive information. The Court therefore directed Mr. Bass to file a redacted version on the docket and to serve his motion papers on Debtors-Appellees by January 16, 2026. (ECF No. 42.) After seeking several extensions (ECF Nos. 44, 48), Mr. Bass filed multiple submissions in support of his request to withdraw the reference (ECF Nos. 43, 45, 51, 52, 53). On February 20, 2026, Debtors-Appellees filed a response to Mr. Bass's submissions. (ECF No. 60.) All Appellees oppose the Motion. (*Id.*) The Court now reviews the parties' submissions.

At first glance, Mr. Bass's motion papers are unclear as to what exactly he is requesting. The Debtors-Appellees categorize Mr. Bass's requests into three groups: (1) claims unrelated to the bankruptcy cases, such as claims against the State of New Jersey or the U.S. Department of Education (ECF No. 43 at 3, 5–6); (2) claims against members of the Sackler families (*id*. at 3); and (3) his proof of claim against the Debtors, which is being administered in the Debtors' Chapter 11 cases (ECF No. 41 at 1).  For the reasons set forth below, each of these claims fail.

With respect to Mr. Bass's claims unrelated to the bankruptcy cases, it is unclear why he believes withdrawal of reference is necessary to pursue claims against non-debtors on matters unrelated to this appeal.  The Court recognizes that Mr. Bass is barred from suing the Debtors and certain related parties pursuant to the Bankruptcy Code and the Bankruptcy Court's stay of litigation.  He is not, however, prohibited from pursuing claims against parties who are not subject to those stays.  Moreover, Mr. Bass appears to assert various constitutional or statutory claims that bear no connection to the issues presently before the Bankruptcy Court.  For that reason alone, there is no reference to withdraw.

Mr. Bass's second category of claims, relating to members of the Sackler families, fares no better.  As the Debtors-Appellees note, Mr. Bass retains the right to pursue such claims upon expiration of the preliminary injunction barring certain civil opioid claims against members of the Sackler family.  He cannot initiate such a suit until that time.  Moreover, as with the claims discussed above, these matters are not before the Bankruptcy Court and do not relate to this appeal. There is therefore no reference to withdraw.

Finally, as to Mr. Bass's claims relating to his proof of claim against the Debtors, this Court is not the proper forum to seek such relief.  If Mr. Bass wishes to withdraw his proof of claim from the Debtors-Appellees' bankruptcy proceedings, he may do so pursuant to Federal Rule of

Bankruptcy Procedure 3006. Fed. R. Bankr. P. 3006. Such a request must be made to the Bankruptcy Court. *See In re Ogden New York Servs., Inc.*, 312 B.R. 729, 730 (S.D.N.Y. 2004) ("Whether to grant a motion to withdraw a claim is left to the discretion of the bankruptcy court, and the district court reviews that decision for abuse of discretion."). The Debtors-Appellees also note that even if Mr. Bass were to successfully withdraw his claim in Bankruptcy Court, he would remain precluded from seeking relief in this Court against the Debtors-Appellees while the automatic stay is in effect. *See* 11 U.S.C. § 362. In short, any request regarding the withdrawal of Mr. Bass's proof of claim must be addressed to the Bankruptcy Court.

For the foregoing reasons, Mr. Bass's motion to withdraw the reference from the Bankruptcy Court is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 52 and to mail this Order to Mr. Bass at the address listed on ECF and to show service on the docket.

SO ORDERED,

Dated: February 23, 2026
    White Plains, NY

_____
Nelson S. Román, U.S.D.J.

3