UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 8/04/2026

In re:

PURDUE PHARMA L.P.

Debtors.

RONALD BASS,

Appellant,

-against-

PURDUE PHARMA L.P., *et al.*,

Appellees.

No. 25-cv-10282 (NSR)

**ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Appellant Ronald Bass has filed a Letter Motion, dated July 7, 2026. (ECF No. 82.) The Letter Motion seeks, in relevant part, vacatur of the Bankruptcy Court's confirmation order, a stay of the confirmed Chapter 11 Plan, and an order prohibiting distributions from certain Sackler estate assets based upon alleged deficiencies in related Connecticut probate proceedings. (*Id.*) For the following reasons, the Letter Motion is DENIED.

This Court sits in an appellate capacity under 28 U.S.C. § 158. In reviewing the Bankruptcy Court's decision, the Court functions as an appellate court, reviewing conclusions of law de novo, findings of fact for clear error, and discretionary rulings for abuse of discretion. *See In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 103 (2d Cir. 2000); *In re Firestar Diamond, Inc.*, 734 F. Supp. 3d 273, 280 (S.D.N.Y. 2024), *appeal dismissed* (July 30, 2024), *appeal dismissed* (Oct. 21, 2024).

The Letter Motion, however, seeks affirmative relief that is not properly before the Court by way of the present motion.

In particular, Appellant Bass asks this Court to vacate the Bankruptcy Court's confirmation order, stay implementation of the confirmed Chapter 11 Plan, and prohibit distributions from certain non-debtor estate assets based upon alleged deficiencies in related Connecticut probate proceedings. (ECF No. 82.) Appellant Bass has identified no legal authority permitting this Court to grant such relief by way of the present motion in this bankruptcy appeal. (*Id.*) To the extent the Letter Motion advances arguments challenging the Bankruptcy Court's decision, those arguments will be considered, if appropriate, in the ordinary course of this appeal. The Court declines to resolve the merits of the appeal through piecemeal motion practice. The Court has already advised Appellant Bass that this is a bankruptcy appeal—the Court cannot address claims arising from unrelated matters. (ECF No. 61 at 2.)

The Letter Motion is therefore DENIED. The Clerk of Court is respectfully directed to (1) terminate the motion at ECF No. 82; and (2) mail a copy of this Order to *pro se* Appellant Bass at the address listed on ECF, and to note service on the docket.

Dated: August 4, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge